IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| SHERLI T. BASS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No.: |
| HOSPITAL AUTHORITY OF THE ) | |
| METROPOLITAN GOVERNMENT ) | JUDGE |
| OF NASHVILLE AND DAVIDSON ) | MAGISTRATE JUDGE |
| COUNTY d/b/a KNOWLES ASSISTED ) | |
| LIVING & ADULT DAY SERVICES, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW Plaintiff, by and through undersigned counsel, and alleges the following in her cause of action against Defendant for violations of Title I of the Americans with Disabilities Act of 1990 and as Amended, 2008, 42 U.S.C. 12111, *et seq.* and Title V, Section 503 of the Act, 42 U.S.C. 12203; retaliation for exercising rights protected under the Family Medical Leave Act; violations of the Age Discrimination in Employment Act of 1967, the Tennessee Disabilities Act, and the Tennessee Human Rights Act.

## PARTIES

1. Plaintiff Sherli T. Bass is a citizen and resident of Sumner County, Tennessee.

2. Defendant Hospital Authority of the Metropolitan Government of Nashville and Davidson County, d/b/a Knowles Assisted Living & Adult Day Services, is a non-profit public authority governing the operation of Knowles Assisted Living & Adult Day Services. Its principal office is located at 1818 Albion Street, Nashville, TN 37208. It can be served through

its registered agent, Hospital Authority of the Metropolitan Government of Nashville and Davidson County, 1818 Albion Street, Nashville, TN 37208.

## JURISDICTION

3. All of the events complained of herein occurred in this Judicial District and the defendant is an entity contained herein, which gives rise to venue in this district, under 28 U.S.C. § 1391(b).

4. This Court has jurisdiction over the lawsuit according to 28 U.S.C. §§ 451, 1331, 1337 and 1343. This Court has jurisdiction as it arises under the Family Medical Leave Act, the Americans with Disabilities Act of 1990 and as Amended, 2008, and Age Discrimination in Employment Act of 1967. The Court also has jurisdiction over the lawsuit pursuant to § 115 of the Civil Rights Act of 1991.

## FACTS

5. Plaintiff ("Plaintiff" or "Ms. Bass") is a licensed practical nurse. She was hired by Defendant Hospital Authority of the Metropolitan Government of Nashville and Davidson County as a staff nurse at the Bordeaux Long-Term Care facility in June 2010. A few months after her hire she transferred to the Knowles Assisted Living facility as a LPN supervisor over the CNT staff on evening and night shift.

6. Plaintiff worked pro re nata during her first two years of employment, working both day and evening shifts.

7. Plaintiff performed her job duties and responsibilities during her employment with Knowles competently and received no complaints or reprimands.

8. In August 2012 Plaintiff's performance was evaluated by her supervisor, Ms. Lawrence. Ms. Lawrence rated Plaintiff's performance for the time period of May 2011 to May 2012. Plaintiff was given a total score of 4.15 points out of a possible 5 points.

9. In her evaluation, Ms. Bass was praised for her initiative, flexibility and self-confidence. Her considerable patience and ability to exercise control in stressful situations was also praised, and Ms. Lawrence also noted that Ms. Bass worked well with departmental staff and others in the hospital.

10. On September 26, 2012 Ms. Bass was promoted to full-time night shift LPN Supervisor, working evening and night shifts.

11. However, Plaintiff continued to assist the day shift nurses as needed, during their absences due to illness or vacations, or if the workload was extremely heavy.

12. When Plaintiff assisted the day shift she would administer pneumonia and flu vaccine shots to the residents, perform TB skin tests, document new resident assessments, document doctor's orders on residents' charts, write out care plans, audit patients for ophthalmology and orthopedic appointments, and at times administer insulin and eye drops to patients. These duties could be performed while sitting or at the very least with minimal standing.

13. On February 28, 2013, Plaintiff applied for the position of day shift LPN Supervisor, working day shifts. The application submitted by Plaintiff did not ask for the applicant's age but upon receiving the application the Administrator of the facility, Ella Lawrence, asked Plaintiff twice how old she was as if that were a qualifying factor.

14. Indeed, Ms. Bass was denied the transfer to day shift, and a younger employee was chosen as the day shift LPN supervisor.

15. On or around May 1, 2013, during the usual course and scope of business, Plaintiff was injured while at work. She opened a drawer to a filing cabinet but after doing so the entire cabinet fell onto Ms. Bass, striking and injuring her left hand and left knee. While bending over to lift the cabinet off her knee Ms. Bass injured her back.

16. This incident was immediately reported to Ms. Bass' supervisor, and she was sent to the emergency room at Nashville General Hospital for treatment. She was then released and remained at home a few days, and received follow-up care at Concentra Care. The physician at Concentra Care recommended physical therapy and prescribed anti-inflammatory medicine.

17. When Plaintiff returned to work, she continued to have issues with back and knee pain. Over the next few weeks the pain continued to escalate and on May 25, 2013 Plaintiff was transported from work to the hospital by ambulance due to severe lower back pain stemming from the at-work injury she received on May 1, 2013.

18. Defendant was completely unsympathetic to Ms. Bass' condition, despite the fact that it resulted from an at-work injury. She was told to schedule her physical therapy on "her time", and not during work hours. Plaintiff's Worker's Compensation claim for her treatment on May 25, 2013 stemming from the at-work injury she received on May 1, 2013 was denied.

19. In early June 2013, administrator Ms. Lawrence arbitrarily and without warning changed Plaintiff's requested vacation time. Ms. Bass was originally not scheduled to work on July 4, but Ms. Lawrence instead granted the holiday to the younger nurse hired as day shift LPN supervisor. Ms. Bass had requested this time off prior to the younger nurse's hiring.

20. Plaintiff was further given additional, burdensome assignments such as resident pre-certification, a lengthy process involving a great deal of time on the phone. This particular duty was in fact removed from the social workers on day shift and given specifically to Plaintiff.

This obligation prevented Plaintiff from responding to other residential and staff responsibilities in the evenings.

21. Ms. Bass attempted to convey her frustration and dismay at having her vacation time taken away from her, and having to handle resident pre-certification, but her calls to Ms. Lawrence were unanswered and messages were unreturned.

22. The hostility Ms. Bass was experiencing at her workplace combined with the pain from her physical injuries culminated in chest pains and crying jags and Plaintiff was ultimately admitted to Skyline Medical Center on June 17, 2013. She was diagnosed with anxiety, insomnia, poor appetite and weight loss due to the stress being placed upon her by Defendant's actions and inactions.

23. Her primary care physician recommended that Plaintiff remain off work until July 11, 2013.

24. However on July 10, 2013 Ms. Bass was involved in a car accident. She called her administrator Ms. Lawrence from the scene of the accident to inform her of what happened and let her know she would not be able to report to work on July 11.

25. Ms. Lawrence called Plaintiff the following day, July 12, and asked her "do you want to work??" The next day Plaintiff received a letter from Defendant's Human Resources department stating that she should have let staff know earlier if she was not able to work.

26. Not only was Plaintiff at home recovering from the accident, but she was also caring for her children who were in the car as well and were also injured. Now she was being criticized and crucified for failing to given enough notice to her employer when she had diligently called from the scene of the accident.

27. Upon information and belief, the Defendant's policy is that the employee needs to inform his or her employer of their absence from work at least two hours prior to their scheduled start time. Ms. Bass complied with that policy when she called her administrator from the scene of her car accident on July 10, 2013.

28. Plaintiff's new return-to-work date after her accident was August 7, 2013. When she reported to work that afternoon, she was soon called into Ms. Lawrence's office. Ms. Lawrence proceeded to tell Plaintiff that she did not have a doctor's note regarding the July 10, 2013 accident or permission for Plaintiff to return to work. Ms. Bass was asked to go home.

29. Ms. Bass called her doctor's office that day and asked that they fax a copy of the release to Knowles, but was still told to leave the premises.

30. On August 8, 2013 Plaintiff's left knee, previously injured at work when a filing cabinet fell on her, gave way as Ms. Bass was walking down the stairs in her home. This misstep resulted in severe pain and swelling. She visited her primary care physician on August 9 and was referred to an orthopedic physician, whom she visited on August 12, 2013.

31. As of October 7, 2013 Plaintiff had exhausted all available leave protected by the Family Medical Leave Act ("FMLA") and an approved leave of absence extending through October 21, 2013. On or around October 18, 2013, Plaintiff's physician notified Knowles of accommodations necessitated by Ms. Bass' injuries: a sitting job for the next four weeks, through November 15, 2013.

32. Plaintiff was denied this accommodation and instead terminated by Defendant on November 8, 2013 for violation of the Metropolitan Hospital Authority Civil Service Rule Section 7.5(16), inability to perform the essential functions of the job after consideration when a reasonable accommodation(s) has been considered and cannot be made.

33. This is a pretextual fabrication because as previously stated, there were many functions performed during the day shift at Knowles that Plaintiff could perform while sitting or at the very least with minimal standing.

34. Ms. Bass was in fact discriminated against on the basis of her perceived disability, and denied reasonable accommodations. She was further retaliated against for exercising her rights under FMLA and filing a Workers' Compensation claim. Ms. Bass was denied a promotion to a position for which she was fully qualified on the basis of her age, and there is a causal connection between the submission of her first EEOC Charge on September 23, 2013 and her termination on November 8, 2013.

35. Ms. Bass submitted an Amended Charge of Discrimination on or around November 20, 2013 and the Department of Justice issued her a Right to Sue letter under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111 *et seq*, and Title V, Section 503 of the Act, 42 U.S.C. 12203.

## COUNT ONE
## VIOLATIONS OF TITLE I OF THE AMERICANS WITH DISABILITIES ACT OF 1990 42 U.S.C. 12111, *et seq.*, and, TITLE V, Sec. 503 OF THE ACT, 42 U.S.C. 12203

36. Plaintiff incorporates herein by reference the factual allegations as outlined in paragraphs 1 through 35.

37. Plaintiff developed a disability as defined under the Americans with Disabilities Act as Amended (ADA), or was perceived to be disabled, and Defendant subsequently terminated Plaintiff in violation of the ADA. Defendant further failed to accommodate Plaintiff based on her disability or perceived disability.

38. As a direct and proximate result of Defendant's violation of the Americans with Disabilities Act as Amended, Plaintiff has suffered, and continues to suffer, loss of income as well as other employment benefits.

## COUNT TWO
## RETALIATION FOR EXERCISING RIGHTS UNDER
## FAMILY MEDICAL LEAVE ACT

39. Plaintiff incorporates herein by reference the factual allegations as outlined in paragraphs 1 through 35.

40. The plaintiff alleges that the intentional acts and omissions as described herein committed by the defendant constitute retaliation for exercising her rights and taking leave protected by the Family Medical Leave Act.

41. As a direct and proximate result of Defendant's retaliation, Plaintiff has suffered, and continues to suffer, loss of income as well as other employment benefits, which entitles her to compensatory damages, reinstatement, back pay, front pay, and attorney's fees and costs.

## COUNT THREE
## VIOLATIONS OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

42. Plaintiff incorporates herein by reference the factual allegations as outlined in paragraphs 1 through 35.

43. The plaintiff alleges that the intentional acts and omissions as described herein committed by the defendant constitute violations of the Age Discrimination in Employment Act as a result of Plaintiff's age.

## COUNT FOUR
## VIOLATIONS OF THE TENNESSEE DISABLITY ACT

44. Plaintiff incorporates herein by reference the factual allegations as outlined in paragraphs 1 through 35.

45. Plaintiff has a disability or is perceived to have a disability as defined by the Tennessee Disability Act, T.C.A. §8-50-103.

46. Defendant's harassment and termination of Plaintiff was part of a knowing and intentional pattern of discrimination in violation of the Tennessee Disability Act.

47. As a direct and proximate result of Defendant's violations of the Tennessee Human Rights Act, Plaintiff has suffered and continues to suffer distress, humiliation, embarrassment, emotional pain and other damages.

## COUNT FIVE
## VIOLATIONS OF THE TENNESSEE HUMAN RIGHTS ACT

48. Plaintiff incorporates herein by reference the factual allegations as outlined in paragraphs 1 through 35.

49. Plaintiff is a "person" as defined by the Tennessee Human Rights Act.

50. Defendant did segregate or classify Plaintiff based upon her age and disability in a way that would tend to deprive her of employment opportunities or otherwise adversely affect her status as an employee in violation of T.C.A. §4-21-401

51. As a direct and proximate result of Defendant's violations of the Tennessee Human Rights Act, Plaintiff has suffered and continues to suffer distress, humiliation, embarrassment, emotional pain and other damages.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

1. That proper process issue be served upon the defendant and that the defendant be required to answer within the time prescribed by law.

2. The plaintiff receive compensatory damages, reinstatement, back pay, and front pay against the defendant in an amount supported by the proof in this cause.

3. That this Court grant a permanent injunction in joining the defendant, as officers, successors, assigns and all persons in active consort or participation with it, from engaging in employment practice which discriminates on the basis of age, gender, and/or disability.

4. That this matter be set for a trial by jury.

5. That the plaintiff be awarded her reasonable fees, costs, fees and expenses incurred herein.

6. For all such other general or specific relief to which the plaintiff may be entitled as the Court deems and as justice and equity require.

Respectfully submitted,
ANDY L. ALLMAN & ASSOCIATES

Andy L. Allman, BPR No. 17857
Jedidiah L. Cochran, BPR No. 027158
103 BLUEGRASS COMMONS BLVD.
Hendersonville, TN 37075
Telephone: (615) 824-3761
Facsimile: (615) 824-2674
andy@andylallman.com
jedidiah29@gmail.com

**JS 44** (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Sherli T. Bass

### DEFENDANTS
Hospital Authority of the Metropolitan Government of Nashville and Davidson County d/b/a Knowles Assisted Living & Adult

(b) County of Residence of First Listed Plaintiff: Sumner Co. TN
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Davidson Co. TN
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Andy L. Allman, Jedidiah L. Cochran, 103 Bluegrass Commons Blvd., Hendersonville, TN 37075 (615) 824-3761

Attorneys (If Known)

## II. BASIS OF JURISDICTION
[X] 3 Federal Question (U.S. Government Not a Party)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)
Citizen of This State: PTF [X] 1  DEF [ ] 1  Incorporated or Principal Place of Business In This State PTF [ ] 4 DEF [X] 4

## IV. NATURE OF SUIT
CIVIL RIGHTS: [X] 442 Employment

## V. ORIGIN
[X] 1 Original Proceeding

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. 12111; 42 U.S.C. 12203

Brief description of cause:
ADAA, Retaliation, ADEA, TDA, and THRA

## VII. REQUESTED IN COMPLAINT:
JURY DEMAND: [X] Yes

DATE: 07/02/2014