IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SHERLI T. BASS )
)
v. )
) NO. 3-14-1422
HOSPITAL AUTHORITY OF THE ) JUDGE CAMPBELL
METROPOLITAN GOVERNMENT )
OF NASHVILLE AND DAVIDSON )
COUNTY )

MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment[1] (Docket No. 23). For the reasons stated herein, Defendant's Motion is GRANTED in part and DENIED in part.

FACTS

In this employment discrimination action, Plaintiff alleges that she was hired by Defendant as a part-time staff nurse in June of 2010. She asserts that she was promoted to full-time night shift LPN supervisor on September 26, 2012. Plaintiff contends that, on February 28, 2013, she applied for the position of day shift LPN supervisor, but she did not receive that position, which was given to a younger employee.

Plaintiff's Complaint alleges that Plaintiff injured her knee and back at work on May 1, 2013. Plaintiff asserts that, in early June 2013, Defendant changed Plaintiff's requested vacation time and subsequently gave Plaintiff additional, burdensome assignments. Plaintiff avers that she continued to experience back and knee pain and stress and was, on June 17, 2013, admitted to the hospital and told to remain off work until July 11, 2013. She contends that, on July 10, 2013, she was involved

---

[1] Defendant's Motion is actually a Motion for Partial Summary Judgment, in that it does not seek summary judgment on all of Plaintiff's claims.

in a car accident. Plaintiff states that as of October 7, 2013, she had exhausted all available Family and Medical Leave Act ("FMLA") leave and an approved leave of absence.

Plaintiff claims that her doctor recommended accommodations necessitated by her injuries and that Defendant denied her those accommodations. She asserts that she was fired on November 8, 2013, for her inability to perform the essential functions of the job, which Plaintiff avers is a pretextual reason.

Plaintiff's original charge with the Equal Employment Opportunity Commission ("EEOC"), filed September 23, 2013, alleged that she was discriminated based on age and included the following particulars:

> I was hired by the above employer as a Licensed Practical Nurse (LPN) in 2010. On or about September 2010, I was promoted to a full time LPN Supervisor for the evening shift. On or about February 28, 2013, I submitted a written request to the Human Resources Department to transfer to day shift, as directed by Administrator Ella Lawrence. Over the past year, Ms. Lawrence has asked me on two separate occasions how old I am. On or about May 1, 2013, a younger employee was assigned as the day shift LPN Supervisor.
>
> I was told by Ella Lawrence that my transfer to day shift was not approved due to the need for organizational stability of the evening shift.
>
> I believe that I was discriminated against because of my age (56), in violation of the Age Discrimination in Employment Act of 1967, as amended.

Docket No. 25-1.

In an amended EEOC charge, filed November 20, 2013, Plaintiff checked the boxes for discrimination based on retaliation, age and disability. The narrative portion of her EEOC charge remained exactly the same as her original charge, except she stated: "THIS AMENDS CHARGE #494-2013-02012 TO INCLUDE THE TANGIBLE HARM OF DISCHARGE ON NOVEMBER 6, 2013, AND THE BASES OF RETALIATION AND DISABILITY." The second EEOC charge

2

does not explain how Plaintiff was retaliated against, what her disability was, or how she was discriminated against because of that disability. Docket No. 25-2.

In her Complaint in this action, Plaintiff alleges violations of the Americans with Disabilities Act ("ADA"); retaliation in violation of the FMLA; violations of the Age Discrimination in Employment Act ("ADEA"), violations of the Tennessee Disability Act ("TDA"), and violations of the Tennessee Human Rights Act ("THRA").

Through the pending Motion, Defendant argues that Plaintiff's age discrimination claims under the THRA are time-barred and her disability claims are barred for failure to exhaust administrative remedies.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v.*

3

*Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

## THRA AGE DISCRIMINATION CLAIMS

Defendant contends that Plaintiff's age discrimination claims under the THRA are barred by the applicable one-year statute of limitations. Tenn. Code Ann. § 4-21-311(d). Plaintiff alleges she was denied a promotion on May 1, 2013. This lawsuit was not filed until July 2, 2014. Thus, Plaintiff's claim that she was denied the promotion because of her age, in violation of the THRA, is time-barred.

Plaintiff argues, however, that she has also brought age discrimination claims for Defendant's changing her requested vacation time in early June of 2013 and subsequently giving her additional, burdensome assignments. Acts in early June of 2013 are also time-barred, since her Complaint was filed on July 2, 2014. Moreover, changing requested vacation time and giving additional burdensome assignments are not "adverse employment actions" under the THRA.[2]

Plaintiff contends that she has also alleged an age discrimination claim with regard to her termination, which did occur within the one-year statute of limitations. Under Count Five, Violations of the Tennessee Human Rights Act, Plaintiff alleges that "Defendant did segregate or classify

---

[2] An "adverse employment action," for purposes of the THRA, is a material and adverse change in the terms and conditions of employment. The change must be more disruptive than a mere inconvenience or an alteration of job responsibilities. *Frye v. St. Thomas Health Services*, 227 S.W.3d 595, 610 (Tenn. Ct. App. 2007).

4

Plaintiff based upon her age and disability in a way that would tend to deprive her of employment opportunities or otherwise adversely affect her status as an employee in violation of T.C.A. § 4-21-401."[3] Termination of employment would "otherwise adversely affect her status as an employee."

Defendant's briefing on its Motion for Summary Judgment presumes that Plaintiff's THRA age discrimination claim is based solely upon her denial of the promotion and does not address a THRA claim for termination based on age.

Accordingly, Defendant's Motion on this issue is granted in part and denied in part. Plaintiff's THRA claims for age discrimination based on the denial of a promotion, change in vacation time, and additional, burdensome assignments are dismissed. Plaintiff's claim for termination based on age, in violation of the THRA, remains.

## DISABILITY DISCRIMINATION CLAIMS

Defendant argues that Plaintiff's disability discrimination claims are barred because they were not properly exhausted through her charges with the EEOC. The Court notes, first of all, that TDA claims need not be exhausted, so Plaintiff's TDA claims are not barred for this reason.

With regard to Plaintiff's ADA claims, Defendant maintains that Plaintiffs' amended EEOC charge does not adequately satisfy the exhaustion requirement with regard to the disability claims. As noted above, the amended EEOC charge does include a check in the box for disability as a basis for discrimination, but nothing in the charge identifies a disability, mentions any requests for accommodations or failures to accommodate, or describes how Plaintiff was discriminated against

---

[3] Tenn. Code Ann. § 4-21-401 provides that it is a discriminatory practice for an employer to, among other things, limit, segregate or classify an employee in any way that would deprive an individual of employment opportunities or otherwise adversely affect the status of the employee because of age.

5

because of a disability. Unlike age, nothing in the earlier EEOC charge mentions anything about disability, so simply adding the word "disability" is insufficient to put anyone on notice as to the nature of Plaintiff's claim without facts alleged in the body of the charge to explain and support the allegation.

Federal courts do not have subject matter jurisdiction of Title VII (and ADA) claims unless the claimant explicitly files the claim in an EEOC charge or the claim can reasonably be expected to grow out of the EEOC charge. *Jones v. Sumser Retirement Village*, 209 F.3d 851, 853 (6th Cir. 2000). The claim must grow out of the investigation or the facts alleged in the charge must be sufficiently related to the claim such that those facts would prompt an investigation of the claim. *Id*. Plaintiff's ADA disability claims do not meet this test.

Accordingly, Defendant's Motion for Summary Judgment on the issue of Plaintiff's disability claims is granted in part and denied in part. Plaintiff's disability claims under the ADA are dismissed for failure to exhaust administrative remedies.

CONCLUSION

For these reasons, Defendant's Motion for Summary Judgment is GRANTED in part and DENIED in part. Plaintiff's claims for age discrimination under the THRA, based upon failure to promote, vacation time changes and additional, burdensome assignments are DISMISSED, and Plaintiff's claims for disability discrimination under the ADA are DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE